UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. GEARHART,<br>    Petitioner,<br>v.<br>ROSEMARY NDOH,<br>    Respondent. | Case No. 18-cv-06017-WHO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**ORDER DIRECTING PETITIONER TO FILE A RESPONSE**<br><br>Dkt. No. 10 |

## INTRODUCTION

Petitioner Kevin Gearhart seeks federal habeas relief from his state convictions. Respondent moves to dismiss the petition for such relief on grounds that the claims it contains are procedurally defaulted or unexhausted or both. (Dkt. No. 10.) Gearhart has not filed an opposition, even though he was granted additional time to file one. (Dkt. No. 12.)

Respondent's motion is GRANTED. The procedurally defaulted claims are DISMISSED. Gearhart will be given time to exhaust his unexhausted claims, but he must comply with the instructions in this order. **On or before September 16, 2019, Gearhart must inform the Court in writing how he wishes to proceed.** If he fails to do so, this action will be dismissed for failure to prosecute.

## BACKGROUND

In 2014, Gearhart was convicted in state court of committing sex crimes against children and received a sentence of 95 years to life in state prison. His attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition

1 followed.

2 Gearhart raised two claims on direct review in state court, only one of which appears in his federal habeas petition. The other claims he raises for federal review were presented to the state supreme court by way of a habeas petition.

## DISCUSSION

Gearhart raises six claims in his federal petition: (i) the admission of child sexual abuse accommodation syndrome (CSAAS) evidence violated his right to due process; (ii) his confession was coerced; (iii) the admission of evidence of prior bad acts violated his right to due process; (iv) the prosecutor committed misconduct; (v) defense counsel rendered ineffective assistance; and (vi) his accusers had a motive to testify falsely. (Pet., Dtk. No.1 at 5-6, 12.)

Respondent contends the claims are barred as unexhausted or procedurally defaulted.

### i. Admission of CSAAS Evidence

Gearhart claims the admission of CSAAS evidence violated his right to due process. (Pet., Dkt. No. 1 at 5.) This claim was presented to the state supreme court by way of a petition for direct review, but respondent contends the claim remains unexhausted, Gearhart not having presented it to the state court as a federal claim. (Mot. to Dismiss (MTD), Dkt. No. 10 at 9.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). In fact, a federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B).

2

In support of his claim, Gearhart cited one federal case, *Frye v. United States*, 293 F. 1013 (1923) in his state petition. In *Frye*, the U.S. Supreme Court, acting on a direct federal appeal, ruled that expert testimony on a "systolic blood pressure deception test" was inadmissible because the test had "not yet gained such standing and scientific recognition among physiological and psychological authorities" to justify admission of testimony regarding it. *Id.* at 1014. The case does not cite to the Constitution or to any constitutional theory.

Gearhart has not exhausted his claim, despite his citation to *Frye*. To exhaust a claim for purposes of federal habeas review, it is not enough to merely present a claim to the state's highest court. A petitioner also must apprise the state's highest court that he is making a claim under the U.S. Constitution, and describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). Mere "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citation omitted). A "citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Respondent is correct that this claim was not exhausted. Gearhart's citation to *Frye*, a decision that does not in any way discuss the Constitution or federal law, does not qualify as an announcement of a "federal legal theory." He will be given an opportunity to exhaust this claim.

**ii.    Admission of Confession**

Gearhart claims the admission of his coerced confession at trial violated his constitutional rights. (Pet., Dkt. No. 1 at 5.) This claim was not raised on direct appeal, but rather by way of a habeas petition to the state supreme court, which denied the petition

3

1  with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (Cal. 1995); *In re Dixon*, 41 Cal. 3d 756, 759 (Cal. 1953); and *In re Swain*, 34 Cal. 2d 300, 304 (Cal. 1949).

Respondent contends the state court's citation to *Dixon* renders this claim procedurally defaulted. (Dkt. No. 10 at 10.)

### a. Procedural Default Principles

Federal habeas relief is not available if a claim is procedurally defaulted, that is, if a state denied claims because a petitioner failed to comply with the state's requirements for presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

The state carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

To overcome a claim of procedural default, petitioner must establish either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state

4

procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991).

To show prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

To show a "fundamental miscarriage of justice," a petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

### b. Application of Procedural Default Principles

Respondent is correct that this claim is procedurally defaulted. The state supreme court cited *Dixon*, which bars from state habeas review those claims that could have been raised on direct appeal. *Id.*, 41 Cal. 2d at 759. The U.S. Supreme Court has held that California's rule barring claims that could have been raised on direct appeal, as announced in *In re Dixon*, is an adequate and independent state ground for the denial of habeas relief. *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016).

Now that the state has met its burden to adequately plead the existence of a valid state procedural bar, it is Gearhart's burden to show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not adjudicated on the merits.

Gearhart has not done so. In fact, he has made no contentions regarding procedural default. He did not file an opposition to the dismissal motion, despite being given an extension of time to file one. (Dkt. No. 12.) He did file a motion for an evidentiary hearing, but it does not address procedural default. (Dkt. No. 13.) Gearhart therefore has not shown cause or prejudice, nor has he shown that a failure to adjudicate the claim will result in a fundamental carriage of justice. His claim regarding his allegedly coerced confession is DISMISSED.

### iii. Admission of Prior Bad Acts

Gearhart claims evidence of prior bad acts should not have been admitted at trial. He contends the bad acts were "remote, dissimilar and unduly prejudicial" and their admission made him appear "[g]uilty by association." (Pet., Dkt. No. 1 at 5.) This claim was not raised on direct appeal, but rather by way of habeas petition to the state supreme court, which denied the petition with citations to *Dixon*, *Duvall*, and *Swain*.

Respondent correctly points out that the claim is procedurally defaulted. "Since the claim is based on matters within the record, but was not raised on appeal, the *Dixon* bar discussed in connection with petitioner's second claim applies here as well." (MTD, Dkt. No. 10 at 10.)

As with the above claim, Gearhart has not shown cause or prejudice, or that a failure to adjudicate the claim will result in a fundamental miscarriage of justice. His prior bad acts claim is DISMISSED.

### iv. Prosecutorial Misconduct and Failure to Disclose Evidence

Gearhart claims the prosecutor committed misconduct by "[i]mproper argument and failure to disclose evidence during Pinecrest camping trip (8/2010) of altercation between accusers and camper. Boys assaulted two people but denied action." (Pet., Dkt. No. 1 at 6.) These claims were not raised on direct appeal, but rather by way of habeas petition to

6

the state supreme court, which denied the petition with citations to *Dixon*, *Duvall*, and *Swain*. Respondent regards the first claim as procedurally defaulted and the second, which appears to be a *Brady* claim rather than a misconduct claim, as unexhausted. (MTD, Dkt. No. 10 at 11-12.)

### a. Prosecutorial Misconduct.

Respondent correctly points out that the claim of prosecutorial misconduct is procedurally defaulted under *Dixon*. "[S]ince such claim was based on matters within the record on appeal, it could have been raised on appeal." (MTD, Dkt. No. 10 at 11.)

As with the above claim, Gearhart has not shown cause or prejudice, or that a failure to adjudicate the claim will result in a fundamental miscarriage of justice. His prosecutorial misconduct claim is DISMISSED.

### b. Failure to Disclose

The second claim — the failure to disclose the altercation — falls under *Brady v. Maryland*, 373 U.S. 83 (1963),[1] rather than under prosecutorial misconduct. Respondent correctly points out that the facts underlying this claim were not presented to the state supreme court. (MTD, Dkt. No. 10 at 12.) The claim is therefore not exhausted. Gearhart will be given an opportunity to exhaust this claim.

## v. Ineffective Assistance

Gearhart contends counsel rendered ineffective assistance by waiving "opening stmt [*sic*] denying allegations" and by failing to call witnesses. (Pet., Dkt. No. 1 at 6.) This claim was not raised on direct appeal, but rather by way of habeas petition to the state supreme court.

Respondent contends the claims are unexhausted, even though they appeared in some form in the state habeas petition. Respondent's argument unfolds as follows. Because petitioner poorly articulated the facts in support of this claims, the state supreme court "could not reasonably have understood what petitioner was claiming that counsel did

---

[1] Under *Brady*, the prosecution must disclose material evidence "favorable to an accused." *Brady*, 373 U.S. at 87.

7

nor did not do, or what the witnesses would have said that would have been exculpatory." (MTD, Dkt. No. 10 at 13.) The state supreme court's citations to *Swain* and *Duvall* support this conclusion. The page cited in *Swain* declares that the court's ruling is "not a ruling on the merits of the issues which petitioner has attempted to raise." *Swain*, 34 Cal. 2d at 304. Similarly, the citation to *Duvall* indicates that the court denied the claim because Gearhart either failed to state his claims with particularity or failed to provide "reasonably available documentary evidence." *Duvall*, 9 Cal. 4th at 474.

According to the Ninth Circuit, a state court's citation to *Swain* and *Duvall* "means that the California Supreme Court rejected" a petition as "insufficiently pleaded." *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016). When claims are rejected in that way, they remain unexhausted. *Medley v. Runnels*, 506 F.3d 857, 869 (9th Cir. 2007).

These claims are unexhausted, as respondent contends. Gearhart will be given an opportunity to exhaust them.

**vi. False Testimony**

Gearhart claims his accusers had a motive to testify falsely. (Pet., Dkt. No. 1 at 6.) Respondent correctly points out that this claim was not presented to the state supreme court at all and that it fails to articulate any federal basis for relief. (MTD, Dkt. No. 10 at 13.) Gearhart will be given an opportunity to exhaust this claim.

## CONCLUSION

Respondent's motion is GRANTED. (Dkt. No. 10.) Claims ii (admission of confession), iii (admission of prior bad acts), and iv(a) (prosecutorial misconduct) are DISMISSED.

Claims i (admission of CSAAS evidence), iv(b) (failure to disclose evidence), v (ineffective assistance), and vi (motive to testify falsely) are unexhausted. **Gearhart has two choices regarding his unexhausted claims.** He can opt to (1) dismiss the petition and return to state court to exhaust the unexhausted claims, or (2) move to stay the petition, exhaust the unexhausted claims and then move to amend the stayed petition to add the exhausted claims. *See Ford v. Hubbard*, 305 F.3d 875, 882-86 (9th Cir. 2002), amended,

330 F.3d 1085 (9th Cir. 2003).

If he chooses option (1) (to dismiss this case and return later with a completely exhausted petition), the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Gearhart is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

If he chooses option (2) (move to stay the petition here, exhaust the unexhausted claims in state court and then move to amend his federal petition to add the exhausted claims), he would be required to file a petition in the California Supreme Court within 60 days from the date of the order staying his federal suit, and then obtain a decision from the California Supreme Court on his unexhausted claims. Gearhart would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims. In order to qualify for a stay, he must also show good cause for why these claims were not previously exhausted and that they are "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005).

**Gearhart must inform the Court of his choice in writing on or before September 16, 2019. No extensions of time will be granted. Failure to inform the Court of his choice by such date will result in the dismissal of the action for failure to prosecute and without further notice to petitioner.**

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** August 7, 2019

WILLIAM H. ORRICK
United States District Judge

9