1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    KEVIN A. GEARHART,                    Case No. 18-cv-06017-WHO

                Petitioner,
8
                                           **ORDER DISMISSING CERTAIN
9         v.                               HABEAS CLAIMS;
                                           ORDER SERVING CERTAIN
10   JOSIE GASTELO,                        HABEAS CLAIMS**

                Respondent.
11

12

13        Gearhart Kevin Gearhart filed a federal petition for a writ of habeas corpus under 28

14   U.S.C. § 2254. (Dkt. No. 1.) I previously dismissed some of Gearhart's claims as

15   procedurally defaulted and stayed the rest of the case at Gearhart's request so that he could

16   exhaust claims in state court. (*See* Dkt. No. 18.)

17        Gearhart exhausted claims in state court and the action was reopened. (Dkt. No.

18   21.) He filed a first amended petition, which did not provide specific facts to support each

19   of Gearhart's claims. (*Id*. at 1.) I dismissed it with leave to amend. (*Id*.)

20        Gearhart has now filed a second amended petition. (Dkt. No. 22 ("SAP").) It is

21   before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing

22   Section 2254 Cases. As discussed below, I will dismiss the Confrontation Clause claim

23   with prejudice because Gearhart has failed to allege facts that would support such a claim

24   after I identified that deficiency in the first amended petition. The remaining three claims

25   may proceed.

26                              **DISCUSSION**

27        A district court may entertain a petition for writ of habeas corpus "in behalf of a

28   person in custody pursuant to the judgment of a State court only on the ground that he is in

United States District Court
Northern District of California

United States District Court
Northern District of California

1    custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

2    § 2254(a).  In considering an application for a writ of habeas corpus, the court shall "award

3    the writ or issue an order directing the respondent to show cause why the writ should not

4    be granted, unless it appears from the application that the applicant or person detained is

5    not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the

6    allegations in the petition are vague or conclusory, palpably incredible, or patently

7    frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

8            Gearhart stated the following claims in his second amended petition:

9       (i)     his rights under the Confrontation Clause were violated with respect to

10              "motives and truth from accusers" (SAP at 3);

11      (ii)    the admission of child sexual abuse accommodation syndrome (CSAAS)

12              evidence violated his right to due process because (a) it is inherently

13              prejudicial and (b) the jury instructions related to the CSAAS evidence were

14              unclear (*id.* at 5);

15      (iii)   the prosecutor failed to disclose favorable evidence (*id.* at 6); and

16      (iv)    defense counsel rendered ineffective assistance by (a) waiving opening

17              statements, (b) failing to cross-examine and impeach certain witnesses,

18              (c) failing to exclude certain witnesses, (d) failing to consult experts, and

19              (e) failing to  exercise reasonable skill and diligence (*id.* at 6-7).

20           When liberally construed, Gearhart's second, third, and fourth claims are

21    cognizable and shall proceed.

22           Gearhart's first claim cannot proceed because he again fails to provide specific facts

23    to support a claim for violation of the Confrontation Clause.  The Confrontation Clause

24    "commands, not that evidence be reliable, but that reliability be assessed in a particular

25    manner: by testing in the crucible of cross-examination."  *See Crawford v. Washington*,

26    541 U.S. 36, 61 (2004); *see also Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) (noting a

27    primary interest secured by the Confrontation Clause is the right of cross-examination).

28    Gearhart fails to provide facts showing that he was not "confronted with the witnesses

against him." U.S. Const. amend. VI.  He offers no facts to suggest that he was prevented

from cross-examining his accusers or any other witnesses, or that the cross-examination of

any witness was curtailed in a manner that implicated his confrontation rights.  (*See*

*generally*, SAP.)

The opinion of the California Court of Appeal suggests that at least one of

Gearhart's accusers testified against him.  *See People v. Gearhart*, No. H041051, 2017 WL

75840, at *5-6 (Cal. Ct. App. Jan. 9, 2017) (referring to Joshua's testimony and cross-

examination).[1]  Rather than explaining how his confrontation rights were violated,

Gearhart contends that his accusers were motivated to lie about the alleged sexual assault.

(*See* SAP at 3-4).  But such a motive could have been revealed during cross-examination

of those accusers.  To the extent he contends that defense counsel should have, but failed

to, properly cross-examine Gearhart's accusers about their alleged motivation to lie, such a

contention falls within the purview of Gearhart's fourth claim regarding ineffective

assistance.  Because Gearhart has provided no facts to support his Confrontation Clause

claim, this claim is dismissed.

Dismissal of the Confrontation Clause claim is without leave to amend.  Any further

amendment would be futile, and it is well-settled that a "district court need not allow futile

amendments." *Snyder v. State of Nev.*, 852 F.2d 572 (9th Cir. 1988) (construing an

amended complaint as a habeas petition and approving the district court's dismissal

because amendment would be futile) (citing *Klamath–Lake Pharmaceutical Ass'n. v.*

*Klamath Medical Serv. Bureau,* 701 F.2d 1276, 1293 (9th Cir. 1983)).  Here, Gearhart has

been given three opportunities to plead cognizable claims.  (*See* Dkt. Nos. 1 (original

petition), 20 (first amended petition), 22 (SAP).)  I previously dismissed Gearhart's first

amended petition for a failure to plead sufficient facts, and cautioned him that on

amendment he "must . . .  provide specific facts in support of each claim." (Dkt. No. 21 at

---

[1] *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); Fed. R. Evid. 201(c) (A court "may take judicial notice on its own" or after a party requests that it do so.).

United States District Court
Northern District of California

1    1.) He failed to allege any facts that would support this claim and cure the deficiency I

2    identified. Where an "amended petition does not cure the deficiency earlier identified by

3    the court[,] [t]court will not grant leave to amend because it would be futile." *Slaughter v.*

4    *McGraff*, No. C 02-3718 SI, 2002 WL 31932050, at \*1 (N.D. Cal. Jan. 3, 2002); *accord*

5    *Snyder*, 852 F.2d at 572 (the proposed amendment would be futile because it "d[id] not

6    cure the deficiency" identified by the court). Accordingly, Gearhart's claim for violation

7    of the Confrontation Clause is dismissed without leave to amend.

8                                                    **CONCLUSION**

9            1. The Clerk shall serve electronically a copy of this order upon the respondent and

10   the respondent's attorney, the Attorney General of the State of California, at the following

11   email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are

12   available via the Electronic Case Filing System for the Northern District of California.

13   The Clerk shall serve by mail a copy of this order on Gearhart.

14           2. Gearhart's first claim is dismissed without leave to amend.

15           3. On or before **July 16, 2021**, respondent shall file with the Court and serve on

16   Gearhart an answer conforming in all respects to Rule 5 of the Rules Governing Section

17   2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

18   Gearhart's second, third, and fourth claims. Respondent shall file with the answer and

19   serve on Gearhart a copy of all portions of the state trial record that previously have been

20   transcribed and that are relevant to a determination of the issues presented by the petition.

21           4. If Gearhart wishes to respond to the answer, he shall do so by filing a traverse

22   with the Court and serving it on respondent's counsel within thirty (30) days of the date the

23   answer is filed.

24           5. In lieu of an answer, respondent may file, on or before **July 16, 2021**, a motion

25   to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4

26   of the Rules Governing Section 2254 Cases. If respondent files such a motion, Gearhart

27   shall file with the Court and serve on respondent an opposition or statement of non-

28   opposition within thirty (30) days of the date the motion is filed, and respondent shall file

*United States District Court*
*Northern District of California*

4

1    with the Court and serve on Gearhart a reply within fifteen (15) days of the date any

2    opposition is filed.

3         6.   Gearhart is reminded that all communications with the Court must be served on

4    respondent by mailing a true copy of the document to respondent's counsel.

5         7.   It is Gearhart's responsibility to prosecute this case.  Gearhart must keep the

6    Court and respondent informed of any change of address and must comply with the

7    Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

8    action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9         8.   Upon a showing of good cause, requests for a reasonable extension of time will

10   be granted provided they are filed on or before the deadline they seek to extend.

11        8.   The filing fee has been paid.  (Dkt. No. 1.)

12        **IT IS SO ORDERED.**

13   **Dated:**  April 7, 2021



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

5