UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. GEARHART,<br>　　　　Petitioner,<br>　v.<br>JOSIE GASTELO,<br>　　　　Respondent. | Case No. 18-cv-06017-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 25 |

## INTRODUCTION

Petitioner Kevin Gearhart seeks federal habeas relief from his state convictions, claiming that evidence was wrongly admitted, the prosecutor erred, and trial counsel rendered ineffective assistance. Respondent moves to dismiss the habeas petition on the grounds that the claims are procedurally defaulted because the state supreme court held that they were successive and untimely, citing *In re Robbins,* 18 Cal. 4th 770 (1998) (untimely) and *In re Clark,* 5 Cal. 4th 750 (1993)(successive). Gearhart contends procedural default should be excused because of the equitable exception granted by *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez,* "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Gearhart also asserts that he is innocent.

Gearhart does not qualify for the *Martinez* exception. First, *Martinez* applies only to ineffective assistance of trial counsel claims. This means that the procedural default of two claims (the wrongful admission of evidence and prosecutorial error) cannot be excused under *Martinez* and will be dismissed. Second, *Martinez* can excuse procedural default

only when the procedural bar was applied at the initial-review collateral proceedings. Here, the bar was imposed on a second round of collateral proceedings, which Gearhart pursued to exhaust his claims while the instant suit was stayed. Third, Gearhart has not met the requirement to show his ineffective assistance claims are "substantial."

Further, Gearhart has not shown sufficient evidence of innocence. His evidence and contentions do not amount to a showing that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

## BACKGROUND

In 2014, Gearhart was convicted in state court of committing sex crimes against children and received a sentence of 95 years to life in state prison. (Order Granting First Motion to Dismiss, Dkt. No. 16 at 1.) His attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

After the first order to show cause in this suit issued, respondent moved to dismiss the petition on grounds that the claims were unexhausted or procedurally defaulted or both. (Dkt. No. 10.) The motion was granted and resulted in the dismissal of the procedurally defaulted claims. (Dkt. No. 16.) The habeas action was stayed at Gearhart's request so that he could exhaust his remaining claims. (Dkt. No. 18.)

Gearhart then filed a petition in the state supreme court containing his unexhausted claims, the same claims he raises in the operative federal petition. It was denied:

> The petition for writ of habeas corpus is denied. (*See In re Robbins* (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; *In re Clark* (1993) 5 Cal. 4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive]).

(Second Motion to Dismiss (Second MTD), State Supreme Court Opinion, Dkt. No. 25-1 at 1.) After exhaustion was complete, he filed an amended petition, the action was

reopened, and the second order to show cause issued.[1]  (Dkt. No. 23.)  Respondent then file a second motion to dismiss all claims as procedurally defaulted, which is the subject of this order.  (Second MTD, Dkt. No. 25.)

As grounds for federal habeas relief, Gearhart alleges (i) the admission of child sexual abuse accommodation syndrome (CSAAS) evidence violated his right to due process; (ii) the prosecutor failed to disclose favorable evidence; and (iii) defense counsel rendered ineffective assistance.  (Second Order to Show Cause, Dkt. No. 23 at 2.)

## DISCUSSION

### i. Procedural Default

Respondent contends that the state court's citations to *In re Robbins* and *In re Clark* render all claims procedurally defaulted.  (MTD, Dkt. No. 25 at 7-8.)  Gearhart responds that procedural default should be excused because of the equitable exception granted by *Martinez v. Ryan*, 566 U.S. 1 (2012).  Under *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Id.* at 9.

Gearhart does not qualify for the *Martinez* exception.  First, *Martinez* applies only to ineffective assistance of trial counsel claims.  This means that the procedural default of his two other claims (the admission of CSAAS evidence and prosecutorial error) cannot be excused under *Martinez* and will be dismissed.  Second, the procedural bar a petitioner seeks to excuse must have been applied at the initial-review collateral proceedings.  Here, the bar was imposed on a <u>second</u> round of collateral proceedings, which Gearhart pursued to exhaust his claims while this suit was stayed.  Third, Gearhart has not met the requirement to show his ineffective assistance claims are "substantial."  And Gearhart has not shown a fundamental miscarriage of justice.  His assertion of innocence does not amount to a showing that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]."  *Schlup*, 513 U.S. at 327-28.

---

[1] One claim was dismissed because Gearhart failed "to provide specific facts to support a claim for violation of the Confrontation Clause."  (Dkt. No. 23 at 2.)

**a.      Procedural Default Principles**

Federal habeas relief is unavailable if a claim is procedurally defaulted, that is, if a state denied claims because a petitioner failed to comply with the state's requirements for presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

The state carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

To overcome a claim of procedural default, petitioner must establish either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991).

To show prejudice, a petitioner bears "the burden of showing not merely that the

4

errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the Court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

To show a "fundamental miscarriage of justice," a petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. It is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

### b. Application of Procedural Default Principles

Respondent has carried the initial burden of adequately pleading the existence of an independent and adequate state procedural ground as an affirmative defense. As respondent points out, the state supreme court denied Gearhart's habeas application as untimely with a citation to *In re Robbins*. The United States Supreme Court has held that California's timeliness rule, as announced in *In re Robbins*, is an adequate and independent state ground for the denial of federal habeas corpus relief. *Walker v. Martin*, 562 U.S. 307, 310, 312, 316-21 (2011); *accord Bradford v. Davis*, 923 F.3d 599, 610 (9th Cir. 2019).

Respondent also points out that the state supreme court denied the petition with a citation to *In re Clark*, 5 Cal. 4th at 767-69. In *Clark*, the state supreme court held that "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were

known to the petitioner at the time of a prior collateral attack on the judgment." *Id.* at 767-68 (internal citations omitted). *Clark* emphasized that a petitioner must "present all known claims in a single, timely petition for writ of habeas corpus." *Id.* at 767; accord *In re Morgan*, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive petitions is the rule that all known claims must be brought in a single, timely habeas corpus petition.").

Respondent has shown that the *Clark* successive bar is both independent and adequate. It is independent because the state supreme court "explicitly invoke[d] the procedural rule as a separate basis for its decision," *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003), and the application of the bar did not "depend[ ] on a consideration of federal law," *id.* at 1075, federal law having no role in determining whether a state habeas petition is successive, *In re Robbins*, 18 Cal. 4th at 811 (clarifying that *Clark*'s successive bar is independent of federal law).

Although the Ninth Circuit has not yet ruled in a published case that the *Clark* bar on successive or abusive petitions is adequate, many district courts have concluded that it is.[2] *See, e.g., Luckett v.* Matteson, No. 18-cv-07670-HSG (PR), 2020 WL 6868834, at *10 (N.D. Cal. Nov. 23, 2020) ("*In re Clark* constitutes an independent and adequate state procedural ground for the state court's denial of Petitioner's claims, barring federal habeas review"); *Churich v. Hatton*, No. 18-cv-02943-VC (PR), 2020 WL 978625, at *3 (N.D. Cal. Feb. 28, 2020) (petition barred by *Clark*'s successive petition rule); *Briggs v. State*, No. 15-cv-05809-EMC, 2017 WL 1806495, at *6-7 (N.D. Cal. May 5, 2017) (claims procedurally defaulted because *Clark*'s bar against successive or abusive petitions is adequate and independent); *Flowers v. Foulk*, No. C 14-0589 CW, 2016 WL 4611554, at *4 (N.D. Cal. Sept. 6, 2016) ("California's bar against successive petitions is . . . adequate and independent."); *Rutledge v. Katavich*, No. C 08-5738 MMC (PR), 2012 WL 2054975,

---

[2] In an unpublished case, the Ninth Circuit found that the state had shown that the *Clark* bar was adequate and independent; that petitioner failed to put the bar's adequacy at issue; and that petitioner's claims were therefore procedurally defaulted. *Du Trieu v. Fox*, 764 Fed. App'x 624, 625 (9th Cir. 2019).

1   at \*6-7 (N.D. Cal. Jun. 5, 2012) (dismissing claim as procedurally defaulted because state
2   supreme court rejected petition with a citation to *Clark*'s bar against successive petitions
3   and petitioner failed to overcome procedural bar); *Ray v. Cate*, No. C 11-1604 YGR (PR),
4   2014 WL 3841214, at \*15 (N.D. Cal. Aug. 4, 2014) (same); *Arroyo v. Curry*, No. C 07-
5   03718 SBA (PR), 2009 WL 723877, at \*6 (N.D. Cal. Mar. 18, 2009) ("Respondent has
6   satisfactorily established that California's procedural bar against successive petitions as
7   applied in practice was an adequate state ground for rejecting Petitioner's second habeas
8   petition.").

Because the state has met its burden to adequately plead the existence of a valid state procedural bar, it is Gearhart's burden to show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not adjudicated on the merits. He has not done so.

Gearhart contends procedural default should be excused under the exception set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012). (Opp., Dkt. No. at 6.) Under *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* is a "narrow exception" and applies only to ineffective assistance of trial counsel claims. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). And Gearhart has not shown a fundamental miscarriage of justice. His assertion of innocence does not amount to a showing that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Schlup*, 513 U.S. at 327-28.

**(i)     CSAAS Evidence and Prosecutor's Failure to Disclose**

As shown above, Gearhart's claims regarding the admission of CSAAS evidence and the prosecutor's failure to disclose favorable evidence are procedurally defaulted. *Martinez* cannot excuse the default of those claims because they are not claims of ineffective assistance of counsel, *Davila*, 137 S. Ct. at 2065. Gearhart cannot show cause or prejudice. Nor, as detailed below, has he made any showing of a fundamental miscarriage of justice, which means that he has not shown that the constitutional error of

7

which he complains has probably resulted in the conviction of one who is actually innocent. Accordingly, his claims regarding the admission of CSAAS evidence and the prosecutor's failure to disclose are DISMISSED.

Gearhart's CSAAS claim will be dismissed on the additional ground that it is unexhausted. When Gearhart presented his claim on direct review to the state supreme court before federal habeas proceedings were initiated, he "did not cite a federal constitutional provision, or a federal case construing a federal constitutional provision." (First Mot. to Dismiss (First MTD), Dkt. No. 10 at 9.) He cited *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), but that case does not cite to the Constitution or to any constitutional theory. (Order Granting First MTD, Dkt. No. 16 at 3.) Because Gearhart did not provide the state court with "both the operative facts and the federal legal theory on which his claim is based" he did not exhaust on his first attempt. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). Mere "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citation omitted). Accordingly, Gearhart's CSAAS claim then became one of those claims he had to exhaust during the stay of his federal habeas action. (Dkt. Nos. 16 and 17.)

The CSAAS claim remains unexhausted. During his latest attempt to exhaust Gearhart again failed to cite a federal constitutional provision or a federal case construing a federal constitutional provision, and so he did not exhaust his CSAAS claim. He only referenced due process and cited state cases, with one exception: *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Second MTD, Petition to State Supreme Court, Dkt. No. 25-1 at 107.) This is insufficient. General appeals to due process do not satisfy the exhaustion requirement. *Hiivala*, 195 F.3d at 1106. And a citation to *Daubert* fails to provide a state court with "the operative facts and the federal legal theory on which his claim is based sufficient to satisfy the exhaustion requirement." *Smith v. Wasden*, 747 Fed. App'x 471, 475-476 (9th Cir. 2018). *Daubert* was based on the Federal Rules of

8

Civil Procedure, not on the Constitution. Gearhart's CSAAS claim remains unexhausted, and is DISMISSED on this additional ground.

### (ii) Assistance of Trial Counsel

The only remaining claim is that trial counsel rendered ineffective assistance. To establish cause to overcome procedural default under *Martinez*, a petitioner must show:

> (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 12-18).

Respondent concedes that Gearhart has met elements (2) and (4) of *Martinez*'s requirements: (2) he was not represented by counsel during state habeas corpus proceedings; and (4) the state courts would require him to raise through a habeas petition any ineffective assistance claim that was not based on matters apparent from the record. (Reply, Dkt. No. 27 at 2.)

Gearhart has not met the third requirement of *Martinez*. *Martinez* applies only when the procedural bar has been applied to <u>initial</u> review collateral proceedings. 566 U.S. at 14 (the exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim."); *Mendoza v. Legrand*, No. 3:13-cv-00607-RCJ-WGC, 2014 WL 3783956, at *2 (D. Nevada July 7, 2014) ("*Martinez* has no application to this case because the exhausted claims were procedurally defaulted in petitioner's second state post-conviction proceeding."); *Bragna v. Ryan*, No. CV-11-0552-PHX-FJM, 2012 WL 1868517, at *2 (D. Arizona May 22, 2012) ("*Martinez* does not save the claim because it applies only to ineffective assistance of counsel at the first state petition for post-conviction relief, not petitions 2, 3, and 4.")

9

1    Respondent correctly points out that the procedural bar was applied at the <u>second</u> round of

2    state habeas proceedings, when Gearhart went to exhaust claims in state court after I

3    stayed the instant federal habeas action.

4          Gearhart also has not met the first requirement of *Martinez* because he has not

5    shown his claim is "substantial." An underlying claim is "insubstantial" if it "does not

6    have any merit or . . . is wholly without factual support." *Martinez*, 566 U.S. at 14. To

7    assess whether a petitioner has satisfied the first prong, the Court should "conduct a

8    preliminary assessment of his underlying claim." *Smith v. Ryan*, 823 F.3d 1270, 1296 (9th

9    Cir. 2016).

10         Gearhart claims that trial counsel rendered ineffective assistance by (1) waiving

11   opening argument; (2) failing to cross-examine an "1108 witness"; (3) neglecting to

12   "consult a medical and psychiatric expert for any records on victims for sexual abuse"; (4)

13   excluding "both past and present girlfriends from testifying on petitioner[']s character and

14   integrity"; (5) abandoning "testimony from victims [*sic*] relatives who witnessed assault

15   with non[-]affiliated camper in August 2012"; (6) failing to "demonstrate rights of the

16   Constitution given to a defendant and meet the requirements to exercise reasonable skill

17   and diligence rendering a deficient performance"; and (7) failing to present the jury with

18   victims['] police reports stating many inconsistencies and discrepancies." (Second Am.

19   Pet., Dkt. No. 22 at 7.)

20         These claims do not qualify as substantial because they are not factually supported.

21   They are entirely conclusory. Gearhart does not specify (1) what information or

22   arguments counsel could have raised in his opening argument, let alone what information

23   or arguments would have made a difference at trial; (2) the name of the 1108 witness who

24   should have been cross-examined or why, or specify what information would have been

25   elicited that would have made a difference at trial; (3) what medical or psychiatric

26   information counsel could have obtained or why such evidence would have made a

27   difference at trial; (4) why having his former girlfriends testify would have negated an

28   element of any offense, provided a defense, or otherwise presented legal or factual

information that would have made a difference at trial; (5) what information counsel could have obtained if he had pursued testimony from a victim's relatives or how that information would have made a difference at trial; (6) exactly how counsel failed to "meet the requirements to exercise reasonable skill and diligence rendering a deficient performance"; and (7) what discrepancies existed in the police reports and exactly how such discrepancies would have made a difference at trial. Rather than posing general allegations, a federal habeas petition "is expected to state facts that point to a real possibility of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks and citation omitted). Conclusory allegations, such as the ones here, are not sufficient. And failing to provide a declaration from his girlfriends or the 1108 witness (or other evidence) in support is also fatal to his claims. *See Greenway v. Ryan*, 856 F.3d 676, 680 (9th Cir. 2017) (allegation counsel should have called a specific witness is not sufficient to establish ineffective assistance because petitioner did not provide an affidavit from the witness.)

Moreover, there was strong evidence of Gearhart's guilt, which militates against any finding that counsel's performance resulted in prejudice. He was convicted of sex crimes against two minors, Joshua and Aidan.[3] (Second MTD, State Appellate Opinion, Dkt. No. 25-1 at 45-49.) Gearhart admitted to police that he masturbated in front of Joshua and Aidan; dared them to "moon" a passing car; put his hands on Joshua's "private area" when Joshua's pants were pulled down; "might have touched Joshua's penis 'unintentionally' as many as 20 times while they were 'roughhousing'"; "might have put his hand down Joshua's pants to retrieve something Joshua had stuffed down his pants and grabbed Joshua's penis 'a good six or seven times' 'if not more.'"; dared Joshua and Aidan to suck each other's penises, which they did; showed Joshua pornography on his phone; told the boys that he would "go to jail for a long time" if they said anything about his

---

[3] Gearhart was found guilty of one count of continuous sexual abuse of a child and seven counts of lewd acts on a child under 14. (Second MTD, State Appellate Opinion, Dkt. No. 25-1 at 45.)

11

conduct; and, when being interviewed by the police, and "volunteered that he thought 'probably the reason why I'm here' was because Joshua had told his parents about 'playing Truth or Dare' and that 'I exposed myself.'" (*Id.* at 48-49.)

In addition to Gearhart's own incriminating admissions, there was testimony from other witnesses. This testimony revealed that: Gearhart started sexual molesting Joshua when he was five or six years old; on more than ten occasions Gearhart pulled down Joshua's pants and underwear and touched his butt and penis; he displayed his penis to Joshua at least twice; Joshua asked Gearhart to stop touching him but he would not; Gearhart showed Aidan and Joshua a video of a man and woman having sex; he told Aidan that "if he had to, he would suck me and Joshua's penises"; and he told Joshua and Aidan "that he was bisexual and he did the same thing with [other boys] like sucked each other's penises and that stuff." (*Id.* at 46-48.)

Gearhart also contends he is innocent and that this Court must correct a fundamental miscarriage of justice. To this end, he states in a conclusory fashion that the boys' claims are false. (Second Am. Pet., Dkt. No. 22 at 8; Opp., Dkt. No. .) He also appends declarations from five persons, four of whom have the last name of "Gearhart." (*Id.*, Dkt. No. 22-1 at 1-8.) The declarations are from alleged witnesses to events that occurred during a 2012 camping trip involving Joshua's and Gearhart's families. In sum, the declarations state that the boys were rude, troublesome, and deceptive during the camping trip.[4]

This evidence is not sufficient to show innocence. First, it is not new. *See Schlup*, 513 U.S. at 324 (a petitioner can make a showing of actual innocence by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial.") Gearhart was convicted in 2014, (Pet., Dkt. No. 1 at 1), and the declarations date from 2012 and 2013. Second, though the declarations might show that

---

[4] According to the declarations, the boys accused another camper (not Gearhart) of assaulting and threatening them, but later recanted their accusations. (Second Am. Pet., Dkt. No. 22-1 at 5-8.)

the boys were rude and deceptive, they do not negate any element of any offense or otherwise provide a strong defense.  They certainly do not amount to a showing that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 327-28.

Respondent has shown that the ineffective assistance of counsel claims are procedurally defaulted.  Gearhart has not shown that he qualifies for the *Martinez* exception or has otherwise shown cause, prejudice, or that a fundamental miscarriage of justice will result if his claims are not adjudicated.  Accordingly, respondent's motion to dismiss will be granted and the petition dismissed.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Dkt. No. 25.)  The petition is DISMISSED.

A certificate of appealability will not issue.  Gearhart has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** November 8, 2021



WILLIAM H. ORRICK
United States District Judge